

**SIGNED this 23rd day of May, 2013**

_____
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

In re:

ROBERT DALE GORMAN                          Case No. 10-16622
CLARA MARIE GORMAN,                         Chapter 13

    Debtors.

Appearances:

Richard L. Banks, Richard Banks & Associates, P.C., Cleveland, Tennessee, for the Debtors

United States Bankruptcy Court
Judge Shelley D. Rucker

## **MEMORANDUM**

The Debtors objected to the claim filed by Resurgent Capital Services as servicing agent for LVNV Funding, LLC ("Claimant"), its successors and assigns, as assignee of Capital One. Their objection requires this court to determine whether a claim for recovery of a consumer credit card debt should be disallowed under 11 U.S.C. § 502(b)(1) because the proof of claim, as filed, fails to prove how the Claimant came to be the holder of the debt.  As part of that determination, the court must consider whether the Debtors have raised a valid objection or have requested disallowance merely for failure to comply with Bankruptcy Rule 3001(b) and (c)(1). That distinction impacts whether the court should exercise its discretion under Fed. R. Bankr. P. 7055 and grant a default judgment for the relief requested. For the reasons discussed below, the court concludes that it is not appropriate to exercise its discretion.  However, the court will allow the Debtors to amend their objection to renew withdrawn grounds or to add other bases or to provide an affidavit which raises a factual dispute with the facts stated in the proof of claim.

In support of its ruling, the court makes the following findings of fact and conclusions of law based on Fed. R. Bankr. P. 7052 made applicable to contested matters by Fed. R. Bankr. P. 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 (b)(2)(B).

### I.     Facts

Claimant, through a servicer, filed proof of claim no. 11 for $365.06 on February 23, 2011. The proof of claim reflects that the basis for the debt was a MasterCard with an account number ending in 6639. It reflects that Resurgent Capital Services, LLC is the servicer for LVNV Funding, LLC and that Claimant LVNV Funding, LLC is the assignee of "Capital One." The Claimant attached a one page statement that provides an account number, the amount

2

of the debt, and the date the debt was charged off by the "original creditor." That charge off date

is January 5, 1999. There is a place on the statement for the last transaction date but it is left

blank.  The statement has no separate signature which would indicate who is representing these

facts.  The statement does have a legend at the bottom that states with respect to the amount of

the claim,

> [i]nformation on this account was obtained from the data files
> received from the assignor and other information such as
> Bankruptcy Court records.
>
> The assignor has verified that the balance recorded above is the
> balance of the account as of the filing date of the bankruptcy and
> does not include post petition interest, late fees, return check fees,
> charges representing credit protection plan fees or insurance fees
> or other charges.

Proof of Claim No. 11. The term *assignor* is not defined.  The original creditor is not identified.

The statement identifies the "Current Creditor" as "LVNV Funding, LLC as assignee of Capital

One," and the "Creditor from whom the debt was purchased" as "Capital One."  As for proof of

the assignment, the Claimant attached no copy of an assignment from Capital One to LVNV

Funding, LLC. There is a bill of sale attached which references a Purchase and Sale Agreement

for Accounts between Capital One Bank, as "Seller," and Resurgent Acquisition II, LLC, as

"Buyer" of the accounts listed on the "Schedule attached." Claimant has not attached a schedule

of accounts showing that the Debtors' account was one of the ones assigned.

The Debtors objected to the claim on December 19, 2012.  The objection alleges

three bases for the disallowance of the claim. First, the Debtors allege that the claim is barred by

the statute of limitations. Second, the Debtors object that "[t]he documentation as to ownership

of this claim by LVNV Funding LLC is not attached to the claim." Third, the Debtors allege that

"[a] power of attorney is not attached to the claim establishing the appropriate agency

3

relationship for Resurgent Capital Services authority to file this claim." [Doc. No. 43, Objection

to Claim 11 at 2]. The Debtors did not list Capital One, Capital One Bank, MasterCard,

Resurgent Acquisition II, LLC or LVNV Funding, LLC as a creditor on their initial Schedules.

[Doc. No. 1, Schedule F]. On December 6, 2012, the Debtors amended Schedule F and added

LVNV Funding, LLC as a creditor and stated $365.06 was the amount of the claim. They also

listed the claim as disputed. [Doc. No. 41, Amended Schedule F].

   The trustee has paid $52.16 on the unsecured claim pursuant to a modified plan

confirmed on June 17, 2011, but he has made no payments to Claimant while the objection has

been pending.

   The Debtors served the Claimant with the objection and provided 30 days' notice

of the hearing. The hearing was set originally for January 31, 2013 but was continued to March

14, 2013. On February 7, 2013, the court requested briefs in support of the Debtors' objection. In

their brief the Debtors argue that the failure to provide supporting documentation raises a legal

argument as to "standing /real party in interest." [Doc. No. 50, Brief in Support of Objection to

Claim No. 11, at 3 ("Brief")].  They also argue that the failure to attach a power of attorney

raises legal issues of standing, real party in interest and the validity of the agency relationship.

No response has been filed, and no one appeared on the Claimant's behalf at the hearing held on

March 14, 2013.  At the hearing on March 14, 2013 the Debtors' attorney announced the

withdrawal of all objections except lack of documentation for the assignment.

   The Debtors filed a Supplemental Brief on April 5, 2013. It included a

spreadsheet referencing over 200 proofs of claim which had been disallowed or were under

consideration in three divisions of the United States Bankruptcy Court for the Eastern District of

Tennessee. Of these, 39 had been filed by Resurgent Capital Services. The spreadsheet was filed

in support of the Debtors' contention that all of these claims were filed without the documentation required by Bankruptcy Rule 3001(c) and are detrimental to the administration of Chapter 13 plans in the system.

**II.      Debtors' Argument for Disallowance**

The Debtors argue that the failure of the Claimant to attach supporting documents which reflect its ownership of the claim or the executing party's standing to sign the proof of claim are violations of Fed. R. Bank. P. 3001(b) and (c)(1). Since that rule requires the attachment of supporting documents, they argue that the failure to attach any written documents supporting the Claimant's standing as owner of the claim or evidencing the filer's representative authority to execute the proof of claim deprives the proof of claim of the evidentiary presumption that the claim is valid and is owed in the amount stated in the proof of claim. Fed. R. Bankr. P. 3001(e). Without that presumption, the Debtors urge the court to look directly to state law to determine whether the Claimant  has the burden of proof to "show an unbroken chain of assignment."  Brief at 6.  If the Claimant has that burden, then the proof of claim should be disallowed as "insufficient on its face."  To require more from the Debtors inappropriately shifts the burden of proof to them and lowers the burden for the Claimant to a level below what state law imposes.   Here, the Debtors have listed the debt as disputed and are not estopped from challenging the claim. Finally, the Debtors urge the court to adopt a rule requiring appropriate documentation in order to impose a burden on the creditors to discourage the filing of large numbers of claims which the creditors do not defend and which are ultimately disallowed. The Debtors note that 98% of the claims on the spreadsheet were disallowed.

The court finds there is support for most of the Debtors' argument, but it is the minority view. *In re Richter*, 478 B.R. 30 (Bankr. D. Colo. 2012).  Because the Sixth Circuit has

signaled its approval of the majority view, the court must reject the Debtors' argument. *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 941 (6th Cir. 2010). An allegation of lack of documentation is not a valid objection even if the Debtors re-characterize it as an objection to standing. A valid objection to standing must raise a factual dispute about who is the holder of the claim. The Debtors must allege that, to the best of their knowledge, information, and belief, either (a) they owe someone else or (b) they do not owe the obligation at all. In addition the court does not find support for holding otherwise based on the Debtor's desire to impose a heavier burden on creditors in order to lighten the Debtors' burden to review the proofs of claims which have been filed, especially when the burden is imposed by the Bankruptcy Code and Rules.

### III.    Default Judgment - Fed. R. Civ. P. 55 and Fed. R. Bankr. P. 7055

In this case, the Debtors set their objection to the proof of claim for hearing.[1] There is no affidavit attached to the objection. The Debtors rely on their contentions in the objection, the statement in Amended Schedule F that the debt, listed for the exact amount claimed, is disputed, and their arguments in their Brief. The Claimant has not responded in writing to the objection nor did it appear at the hearing. The court, therefore, has before it a contested matter to which no answer has been filed. Fed. R. Bankr. P. 9014(c) authorizes the court to apply Fed. R. Bankr. P. 7055 to this contested matter. Rule 7055 incorporates Fed. R. Civ. P. 55.

Under Fed. R. Civ. P. 55, the court may grant a judgment provided that the claimant has been served and notice of the hearing in which the relief will be granted has been provided more than 30 days prior to the hearing date. Fed. R. Bankr. P. 3007(a); E.D.Tenn. LBR 9013-1(f)(2)(ii)(A). The Debtors have provided that notice. In this case there is no evidence that

---

[1] If the Debtors had used passive notice, the local rules require that the allegations be supported by an affidavit putting the facts into evidence unless the facts on which the Debtors rely are evident from the record. E.D.Tenn. LBR 3007-1(b).

the additional procedural concerns regarding the disability or military service status of the

Claimant are at issue. *See HICA Education Loan Corp. v. Klugewicz*, No. 1:11-cv-287, 2012 WL

6799752, at *3-4 (E.D. Tenn. Apr. 17, 2012) (quoting *Broadcast Music v. Marler*, 2009 WL

3785878, at *4 (E.D. Tenn. Nov. 12, 2009)) (other citations omitted).[2]

The court's authority to proceed to a judgment where there is no answer is also

addressed in the local rules. In cases where there is no response, the court may consider that

there is no opposition to the requested relief. E.D.Tenn. LBR 9013-1(f)(4).

> Unless excused by the court, the movant and any objecting party
> are required to appear at all scheduled hearings. The failure of
> …an objecting party to attend a duly noticed hearing will be
> deemed a withdrawal of …the objection to the motion. . .
> Similarly, the court will consider the failure of any other noticed
> party to attend the hearing as a lack of opposition to the granting of
> the relief requested in the motion.

*Id.* Motions are defined in the local rules to include objections to claims. E.D. Tenn. LBR 9013-

1(a).

Having found that the court may enter a default judgment, the court must consider

whether it should exercise its discretion to do so.  In determining whether the court should

exercise its discretion, the court may review the merits of the claim.  *See HICA Education Loan

Corp. v. Klugewicz*, No. 1:11-cv-287, 2012 WL 6799752, at *1 (E.D. Tenn. Apr. 17, 2012); *Jahn

v. Clayton (In re Clayton)*, Adv. No. 11-1135, 2012 WL 112940, at *1 (Bankr. E. D. Tenn. Jan.

12, 2012).

> It is fundamental that not all injuries are legally
> compensable; a tenet which may not be bypassed simply because a
> party fails to respond to a complaint. . . Thus, among the

---

[2] The opinion notes a requirement that an affidavit be provided with the motion for a default judgment that the defendant is not minor or incompetent. It also requires an affidavit in compliance with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b)(1)(2008) for cases in which the default judgment is sought against an individual who has not appeared in the case. Neither of these requirements applies in this case.

> considerations a court is to employ when determining the propriety
> of entering a judgment by default is whether there exists a
> sufficient basis in the pleading for the judgment's entry; or
> similarly, whether a viable cause of action is alleged.

*Irby v. Fashion Bug (In re Irby),* 337 B.R. 293, 294 (Bankr. N.D.Ohio 2005)(citations omitted).

In addressing the merits of the complaint, or in this case, the objection, the factual allegations are

admitted.

> Once the default is established, defendant has no further
> standing to contest the factual allegations of plaintiff's claim for
> relief. Even after default, however, it remains for the court to
> consider whether the unchallenged facts constitute a legitimate
> cause of action, since a party in default does not admit mere
> conclusions of law.

10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2688, p.63 (3d. 1

1998)(footnote omitted); *Bowers v. Banks (In re McKenzie),* No. 11-1169, 2013 WL 1091634, at

*708 (Bankr. E.D. Tenn. Mar. 5, 2013). *See also In re Brunson*, 486 B.R. 759, 768 (Bankr.

N.D.Tex. 2013)("Under Bankruptcy Rule 7055, the entry of a default judgment is not automatic .

. . a default judgment is committed to the court's discretion.")(citations omitted); *In re Rehman*,

479 B.R. 238 (Bankr. D. Mass. 2012)(Court overruled objections to assigned credit card claims

where creditors had not responded, but debtor had listed the original creditors).

> The Debtors have alleged that "the documentation as to ownership of the claim is

not attached to the claim." Objection at 2. While the court notes that there are gaps in the chain

of title, there is a Bill of Sale attached to the proof of claim and the servicer has signed the proof

of claim under oath. The Debtors equate the lack of documentation to lack of standing in their

Brief. The court must determine whether that is enough for disallowance.

IV.    **Analysis**

A.  **Claims Allowance**

A proof of claim which is filed under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).  The Debtors have objected to Claimant's proof of claim; however, the court does not have before it an objection that alleges that the Debtors do not owe this debt to weigh against the Claimant's sworn statement that they do. The Debtors scheduled the underlying debt in Amended Schedule F as disputed, but their objection states that the basis for the objection is that the Claimant failed to attach documents to prove that it owns the claim.  The court will start its analysis with a determination of what is the evidentiary value of the Claimant's proof of claim.

B. **Evidentiary Value of the Proof of Claim**

Fed. R. Bankr. P. 3001 governs the filing of a proof of claim. Compliance with this rule provides a significant benefit to a creditor. "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). While an objection based on the failure to comply with this rule is not sufficient for disallowance, the failure does have ramifications for the evidentiary effect of the proof of claim.  *B-Line, LLC v. Wingerter* (*In re Wingerte*r), 594 F.3d 931, 941 (6th Cir. 2010).

The relevant portions of Bankruptcy Rule 3001 are as follows:

(a) **Form and content**
A proof of claim is a written statement setting forth a creditor's claim.  A proof of claim shall conform substantially to the appropriate Official Form.

(b) **Who May Execute**
A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.

**(c) Supporting Information**

**(1) Claim Based on a Writing**
*Except for a claim governed by paragraph (3) of this subdivision,* when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

**(2) Additional Requirements in an Individual Debtor Case: Sanctions for Failure to Comply**

In a case in which the debtor is an individual:

(A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

(B) If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim.

(C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim. If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed an in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
   (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
   (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

**(3) Claim based on an open-end or revolving consumer credit agreement**

*(A) When a claim is based on an open-end or revolving consumer credit agreement --- except one for which a security interest is claimed in the debtor's real property --- a statement shall be filed with the proof of claim, including all of the following information that applies to the account:*

> *(i)  the name of the entity from whom the creditor purchased the account;*
> *(ii) the name of the entity to whom the debt was owed at the time of an*
> *account holder's last transaction on the account;*
> *(iii)the date of an account holder's last transaction;*
> *(iv)the date of the last payment on the account; and*
> *(v)the date on which the account was charged to profit and loss.*
>
> *(B)  On written request by a party in interest, the holder of a claim based on an*
> *open-end or revolving consumer credit agreement shall, within 30 days after the request*
> *is sent, provide the requesting party a copy of the writing specified in paragraph (1) of*
> *this subdivision.*

Fed. R. Bank. P. 3001(a) – (c)(emphasis added to reflect amendments effective December 1, 2012).

The Debtors have raised two violations of Rule 3001 which they argue should result in the loss of the evidentiary presumption. The Debtors contend that (1) the proof of claim was not properly executed by the servicer for the Claimant because the servicer failed to provide evidence of its authority; and (2) neither the supporting writings nor a statement explaining their loss was attached to the proof of claim. Fed. R. Bankr. P.  3001 (b) and (c)(1).

1. *Failure to attach a power of attorney is not a violation of Rule 3001 (b).*

As noted above, section (b) requires that the proof of claim be executed by the creditor or the creditor's authorized representative, except as provided in Rules 3004 and 3005.[3] In this case, the proof of claim was executed by a party that represents itself to be a servicing agent for the Claimant. The Debtors argue that a bare assertion of authority is not sufficient evidence that the servicing agent has authority to execute the proof of claim. They insist that the Claimant must execute the proof of claim or that the representative must provide a power of attorney. They base this contention on the fact that the proof of claim form used by the Claimant,

---

[3] Rule 3004 provides an exception for the debtor or a trustee to file, and presumably execute, a proof of claim when a creditor fails to do. Rule 3005 allows guarantors and other sureties obligated with the debtor, to file, and presumably execute, a proof of claim when a creditor fails to file a proof of claim. Neither exception applies to this case.

and which was in use at the time the proof of claim was filed in February of 2011, stated in the

signature block, "Attach power of attorney, if any."  Proof of Claim No. 11.

Bankruptcy Rule 9010 requires evidence of a power of attorney for any

appearance of an agent in a bankruptcy proceeding for any purpose with one significant

exception. Rule 9010 states that evidence of a power of attorney is **not** required for the execution

and filing of a proof of claim.  Fed. R. Bankr. P. 9010 (emphasis added). Because the

Bankruptcy Rules do not require that a representative executing a proof of claim attach a copy of

a power of attorney to the proof of claim when it is filed, the court finds that the specific

language of Bankruptcy Rule 9010 overcomes the suggested language on Official Form 10.

Rule 3001(a) requires that the proof of claim be filed in substantial conformity with Official

Form 10.  The court concludes, therefore, that a rule that requires only "substantial" conformity

should not be read to impose a requirement which has been specifically deleted by another rule.

*In re Rehman*, 479 B.R. 238, 244 (Bankr. D. Mass. 2012)(noting that a servicer is not an assignee

and as a representative of the holder, it is not required to attach power of attorney). The court

finds further support for its position in the fact that Official Form 10 was changed in 2012 to

delete the direction that an authorized agent must attach a power of attorney if one existed. The

2012 Committee Notes to Official Form 10 state, "Rule 9010(c) does not require that an agent's

authority to file a proof of claim be evidenced by a power of attorney." The court does not find

that the failure to include a power of attorney would cause the proof of claim to lose its status as

prima facie evidence of the validity and amount of the claim.

*2. Failure to attach supporting documents is a violation of Rule 3001(c).*

Section (c)(1) requires that, if the claim is based on a writing, that writing must be

attached or the circumstances of its unavailability must be explained.  Fed. R. Bankr. P.

3001(c)(1). As of December 1, 2012, an exception was added to the requirement to attach

supporting documentation for proofs of claim for open-end accounts or revolving consumer credit agreements. Section (c)(3) of Rule 3001, which is italicized above, sets forth the exception. Instead of the documentation, open account creditors must now provide a statement containing five specific items of information which substitutes for the supporting writings. Fed. R. Bankr. P. 3001(c)(3)(A). If the debtor needs more information from the creditor, he must send a written request. Fed. R. Bankr. P. 3001(c)(3)(B).

The first question for the court is which section of Bankruptcy Rule 3001 should be applied to determine whether there has been compliance with the rule – 3001(c)(1) or the recently added exception in (c)(3). The proof of claim was filed on February 23, 2011, prior to the addition of the exception. The objection was filed in 2013 after the exception became effective. Although the amended rule was in effect at the time of the objection, the court will analyze whether the proof of claim was filed in accordance with Rule 3001 as it existed at the time the proof of claim was filed. The court will apply Rule 3001(c)(1) to determine whether the proof of claim is prima facie evidence of the claim's validity and amount. Although the court may apply the amended rule retroactively in cases where its application is "practicable" and "just," the court does not find that retroactive application is more just or practicable than using the rule that was in effect when the claim was filed. *In re Brunson*, 486 B.R. 759, 770-71 (Bankr. N.D. Tex. 2013)(discussion of when retroactive application may be appropriate).[4]

---

[4] Even if the court were to apply the amended rule, the Claimant did not provide the five items of information required by Bankruptcy Rule 3001(c)(3)(A) and the Debtors did not send a written request for additional information under (c)(3)(B). They did send the Claimant the objection. More than 30 days' notice was given between the date the objection was filed in January and the final hearing in March. The court determines that the Claimant should not be held to a rule which had not become effective, but neither is the Claimant prejudiced by the Debtors' failure to comply with Rule 3001(c)(3)(B) in light of all of the other opportunities the Claimant had to respond and supplement its claim.

Prior to December 1, 2012, holders of consumer credit card account debt, like all other creditors, were required by Rule 3001(c)(1) to supply the writings on which the claim was based. In the credit card context, courts differ on what is sufficient documentation to obtain prima facie status. *Pursley v. eCAST Settlement Corp.* (*In re Pursley),* 451 B.R. 213, 220 (Bankr. M.D. Ga. 2011)(discussing differing views of sufficient documentation); *In re Kemmer,* 315 B.R. 706, 714 (Bankr. E.D.Tenn. 2004)( Court found that a monthly statement of account including the debtor's name, account number, account balance as of the date of filing, previous balance, finance and other charges for the period and the annual percentage rate would be sufficient documentation.). The writings on which an open-end account are based may include the account application, the credit card account agreement, the sales slips signed by the debtor and the account statements showing how interest, fees and charges are calculated and added to the principal balance or some combination of the foregoing. Some courts have even found a summary of the credit card use is sufficient. *In re Relford*, 323 B.R. 669, 674 (Bankr. S.D.Ind. 2004). The court does not have to address what combination of documents or information would be sufficient in this case because none of these documents were attached to the proof of claim to support the debt. The court concludes that the proof of claim does not comply with Bankruptcy Rule 3001(c)(1); and, therefore, it is not entitled to be treated as prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f).

Having determined that the proof of claim fails to comply with Bankruptcy Rule 3001(c)(1), the court finds that the proof of claim is not entitled to any special evidentiary status. The court will now consider the validity of the objection.

### C. Validity of the Debtors' Objection

In deciding whether to grant the default, the court must determine whether the Debtors raised a valid objection. There is a substantial controversy among the courts regarding

whether an objection based on a failure to comply with Bankruptcy Rule 3001(c)(1) should be sustained. *In re Burkett*, 329 B.R. 820, 826 (Bankr. S.D. Ohio 2005). This is especially true in cases where the debtor has listed the original debt as owed to the assignee. *In re Brunson*, 486 B. R. 759 (Bankr. N.D. Tex. 2013); *In re Chalakee*, 385 B.R. 771, 775 (Bankr. N.D. Ok. 2008). In this case, there is no issue of the Debtors' having admitted to the Claimant's debt. The debt was not listed originally and when it was listed it was noted as being disputed. Therefore, the court may address this objection without consideration of whether the objection is brought in bad faith or whether the Debtors are estopped from objecting. The issue before the court is solely whether an objection based on a failure to attach supporting documentation of the assignment is a sufficient basis for disallowance.

   *1. Background of controversy – Exclusive v. Nonexclusive views of claims disallowance.*

   To understand the basis of the controversy, a review of two views of the basis for disallowance of claims is helpful. One view adopts what is termed as the "exclusive view" and the other is the "nonexclusive view." Those cases which take the exclusive view hold that the debtor must raise one of the grounds found in 11 U.S.C. 502(b) to object successfully to a filed claim. That line of reasoning finds that section 502(b) contains an "exclusive" list of grounds for disallowance. Failure to comply with Rule 3001(c), which requires the attachment of the writings on which the claim is based, is not one of those grounds.[5]

---

[5] The exclusive grounds include:(1) that the claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law, for reason other than because the claim is contingent or unmatured;(2) it is for unmatured interest;(3) it exceeds the value of the interest of the estate in such property if it is for a tax assessed against property of the estate;(4) it is for services of an insider or attorney of the debtor where the claim exceeds the reasonable value of the services;(5) it is for a debt that is unmatured on the date of the petition and is excepted from discharge under section 523(a)(5); (6) it is the claim of a lessor for damages from the termination of a lease of real property under conditions set forth in 502(b)(6); (7) it is the claim of an employee for damages from the termination of an employment contract under conditions set forth in 502(b)(7); (8) it results from a reduction, due to late payment, in an amount of an otherwise applicable credit available to the debtor in connection with employment tax; or (9) the proof of claim was filed after the claims bar date. 11 U.S.C. 502(b).

The cases that take the "nonexclusive" view hold that if the creditor fails to remedy the defect in its filing or otherwise prove its claim at the hearing, then the claim should be disallowed. This view results in a creditor losing its right to a distribution solely for failure to attach the supporting documents. This is the minority view. *In re Rochester*, 2005 WL 3670877 (Bankr. N.D.Tex. May 24, 2005), *overruled by In re Brunson*, 486 B.R.759, 773 (Bankr. N.D.Tex. 2013)(Court changed the view it had adopted from nonexclusive to exclusive and noted that the nonexclusive view is now "firmly the minority view.").

The controversy can be seen clearly in the Tenth Circuit where the Court of Appeals adopted the nonexclusive view. The Court of Appeals focused on the creditor's burden to substantiate its claim in cases where the creditor fails to comply with Rule 3001, thereby losing the evidentiary presumption. It noted that the creditor appeared in the case, but failed to present any evidence at the hearing in response to the objection. *Caplan v. B-Line, LLC (In re Kirkland)*, 572 F.3d 838, 840-41 (10th Cir. 2009). The Circuit Court reversed the Bankruptcy Appellate Panel of the Tenth Circuit which had adopted the majority exclusive view after a thorough survey of both views. The panel interpreted the debtor's objection as being based solely on the lack of documentation attached to the claim and found that failure to comply with Rule 3001 was not a ground for disallowance. *B-Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341 (B.A.P. 10th Cir. 2007).[6]

If this objection is based solely on the failure to comply with Rule 3001(c)(1) and if the applicable law in this circuit is the exclusive view, it would be an abuse of this court's discretion

---

[6] The controversy surrounding this issue and the implications of the *Kirkland* case continue. In 2012, the Chief Bankruptcy Judge of the District of Colorado questioned the continuing viability of the *Kirkland* rule allowing insufficient documentation to be a basis for disallowance in light of the changes to Rule 3001 which occurred in 2011 and what were proposed changes for 2012 at the time of the opinion's writing. *In re Reynolds*, 470 B.R. 138, 145 (Bankr. D. Colo. 2012)(lack of documentation objection must be coupled with a substantive objection regarding standing). *See also In re Richter*, 478 B. R. 30 (Bankr. D. Colo. 2012)(lack of documentation and a verified objection based on standing is sufficient for disallowance).

to sustain an objection on a legal basis that the Sixth Circuit has rejected, even where there has

been no response. "A bankruptcy court abuses its discretion if it bases its ruling upon an

erroneous view of the law or a clearly erroneous assessment of the evidence." *Heath v. American

Expr. Travel Related Serv. Co., Inc.* (*In re Heath*), 331 B.R. 424, 429 (B.A.P. 9th Cir. 2005*). See

also Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.),* 486 F.3d 940, 944 (6th Cir.

2007).

> *2. The Sixth Circuit has signaled its approval of the exclusive view toward claims disallowance.*

Although the Sixth Circuit has not addressed the disallowance of a claim under

these specific circumstances, it has signaled that it favors the exclusive view. It discussed the

ramifications of failing to comply with Rule 3001 in connection with its consideration of whether

credit card creditors violated Rule 9011 when they repeatedly filed claims which did not conform

to Rule 3001, and whether the creditors should be subject to sanctions.   *B-Line, LLC v.

Wingerter (In re Wingerter*), 594 F.3d 931 (6th Cir. 2010); *rev'g B-Line, LLC v. Wingerter (In re

Wingerter)*, 394 B.R. 859 (B.A.P. 6th Cir. 2008), *rev'g B-Line, LLC v. Wingerter (In re

Wingerter)*, 376 B.R. 221 (Bankr. N.D.Ohio 2007). In that case, the creditor had appeared and

provided substantial proof regarding both the reason for its failure to attach the supporting

documentation and also the inquiries it had conducted prior to filing the claim. The Court of

Appeals noted that the proof of claim in the case was submitted on an incomplete form. *Id.* at

941. It addressed the failure to comply with Rule 3001(c) in the following manner:

> This deficiency violated Rule 3001(c) of the Federal Rules of Bankruptcy Procedure, which requires that a proof of claim based on a writing include a copy of that writing. The ramifications for this type of violation are well-established, however, and do not result in sanctions. *See Heath v. Am. Express Travel Related Servs. Co., Inc. (In re Heath),* 331 B.R. 424, 433 (9th Cir. BAP 2005).

*Id.*

The *Heath* case cited by the Sixth Circuit directly addresses whether lack of documentation is a sufficient basis for disallowance of a claim. The Ninth Circuit Bankruptcy Appellate Panel adopted the majority "exclusive" rule. *Heath v. American Express Travel Related Servs. Co., Inc. (In re Heath),* 331 B.R. at 435. After determining that failure to comply with Rule 3001 is not one of the bases for disallowance under 11 U.S.C. § 502(b), the panel discussed its reasons for rejecting the minority "nonexclusive" view.

> The difficulty with [the minority line of cases] is that evidence of any kind – prima facie or otherwise—is a concern only at a hearing to resolve factual disputes. *See* Fed.R.Evid. 401(defining "relevant evidence" as that tending to make more or less probable "the existence of any fact that is of consequence to the determination of the action"). The debtors' claim objections raised no factual dispute requiring a hearing. If [creditor's] proofs of claim are analogized to complaints – as is commonly done—then the debtors' objections are like motions to dismiss for failure to state a claim on which relief can be granted. The debtors do not deny any of the factual allegations of the proofs of claim; rather, their objections assert that an evidentiary hearing is unnecessary because of [creditor's] noncompliance with Rule 3001(c). Thus, the question is not the evidentiary impact of noncompliance with the rule, but whether noncompliance itself renders a claim subject to disallowance. As already noted, it does not.

*In re Heath* at 435-36 (quoting *In re Guidry*, 321 B.R. 712, 715 (Bankr. N.D. Ill. 2005).

### *3. Application of the Exclusive View to Debtors' Objection*

In light of the Sixth Circuit's citation of the *Heath* case for its position on the ramifications of failing to comply with Rule 3001(c)(2), the court concludes that the Sixth Circuit would follow the majority exclusive view. In such a jurisdiction, an objection is not sufficient if it is, in essence, a motion to dismiss for failure to state a claim resulting from a failure to provide the supporting documents. Applying the reasoning of *Heath*, this court must look to see whether the objection filed by the Debtors denies any factual allegation made in the proof of claim. The Claimant's proof of claim satisfied its initial burden of coming forward with "a presentation of any evidence of the claim." *In re Kemmer*, 315 B.R. 706, 713 (Bankr. E. D. Tenn. 2004). "At that point, the objecting party is still required to present evidence that the

claim is legally deficient."  *Id.*  To overcome a proof of claim, the Debtors must come forward

with some evidence to meet, overcome, or equal the statements in the proof of claim.  *Id.* (citing

*In re All-American Auxiliary Ass'n*, 95 B.R. 540, 545 (Bankr. S.D. Ohio 1989)). See also *In re*

*Umstead*, -- B.R.--, 2013 WL 1324943, *5(Bankr. E. D.Pa. April 3, 2013)("A proof of claim

may be prima facie valid despite noncompliance with Rule 3001(c) if it provides sufficient

indicia of the claim's validity and amount to justify imposing on the objector the burden and

expense of responding with contrary evidence.")

   The court finds that the Debtors have not raised a factual issue sufficient to

overcome the sworn statement by the Claimant in the proof of claim. First, they have not raised a

dispute as to the underlying debt. The Debtors amended their Schedule F to list the debt as

disputed, but they did not amend their objection to put the Claimant on notice that there was a

dispute as to the existence of a debt. Simply scheduling a debt as "disputed" "without

affirmatively asserting in the objection that the debtors owe nothing or less than the amount

claimed" is not enough to raise a dispute as to the debt for purposes of an objection to the claim.

*In re Shank*, 315 B.R. 799, 811(Bankr. N.D.Ga. 2004).

   Second, they have not raised a dispute regarding whether the Claimant is the

assignee. The Debtors objected because the Claimant did not attach documents showing that it

was the holder of the claim. Although their unverified objection was re-characterized in their

Brief as an objection to standing, the Debtors did not deny any factual assertion made in the

proof of claim. The court does not find that merely re-characterizing an objection based on lack

of documentation as one based on standing to be sufficient to meet or overcome the statements in

the proof of claim.

The Debtors argue that lack of supporting documentation should be enough to support disallowance. They argue that in a Tennessee collection action, just raising the failure of proof is enough to defeat a complaint. The debtor has no burden to represent to the court that he or she does not owe the debt or that the debtor owes someone other than this creditor. *See LVNV Funding, LLC v. Mastaw*, 2012 WL 1534785 (Tenn. App. Apr. 30, 2012)(Tennessee Court of Appeals found that because the creditor was not "the original creditor as to Mastaw's Sears Gold Master Card, creditor must also prove by a preponderance of the evidence that it is the owner of Mastaw's debt." stated that creditor had to prove how it came to own the claim as part of its proof) placed burden to prove ownership of an assigned account on the creditor).The discussion of the claims objection process in *Heath* and *Kemmer* leads the court to the conclusion that, in an "exclusive view" jurisdiction, a valid objection cannot be based solely on a failure to attach documents even if state law imposes such a burden of proof on a creditor and even if the debtor uses the word "standing" in the objection. In the bankruptcy context, the debtor must also allege that either the debtor does not owe the debt or that the debtor does not owe the Claimant because he or she owes another creditor. Only in view of such a factual dispute does the court then consider the burdens of proof imposed by the applicable law and whether those burdens have been carried by the appropriate party. Requiring the debtor to make such an allegation, and to perform an investigation before doing so, is a burden that the debtor might not have in a state court collection action. A motion to dismiss for failure to state a claim might be enough. However, a requirement to dispute the facts in the proof of claim is imposed on the debtor in bankruptcy proceeding as part of the abbreviated claims resolution process to "secure the just, speedy and inexpensive determination of every case and proceeding."  Fed. R. Bank. P. 1001.

20

*See In re Shank*, 315 B.R. 799, 814(Bankr. N. D. Ga. 2004). Congress could have listed failure to comply with Rule 3001 as a basis for disallowance, but it did not.[7]

The court recognizes that in order to make such an allegation, a debtor will have to conduct enough investigation to satisfy Fed. R. Bankr. P. 9011(b).  The court also recognizes that after that inquiry, which may meet with more silence by these creditors, a debtor may left to allege that to the best of his or her knowledge, information and belief, he or she does not have any recollection or record of ever incurring this debt and therefore disputes that it is owed. If the debtor is aware of the debt but not the specific creditor, he or she may allege only that, to the best of his or her knowledge, information and belief, the creditor filing the claim is not the creditor that he or she owes. Despite the lack of specificity, such statements create a factual dispute, and the court has before it factual allegations it may use in determining whether to grant the default judgment.

The court does not see this requirement as imposing an additional burden on a debtor with respect to open account claims. An inquiry will be part of the objection process going forward. As of December 1, 2012, a debtor must make an inquiry of an open account creditor in order to take advantage of the evidentiary sanctions offered for failing to provide documentation. A written request for information is now required by Rule 3001(c)(2)(B)(written request for additional information required to trigger sanctions of Rule 3001(c)(2)(D)).

As a final basis for their contention that lack of documentation should be enough, the Debtors' counsel also raises the potential for abusive filings by creditors if they are not required to comply with Rule 3001, and increased costs to debtors and trustees if they are required to object to claims which are unrecognizable. As support, he points to 38 claims filed in

---

[7] Some courts have held that such documentation is not required at all for claims which are transferred before the proof of claim is filed.  *Relford*, 323 B.R. at  679-80; Fed. R. Bankr. P. 3001(e)(1).  *But see In re Kincaid*, 388 B.R. 610, 616 (Bankr. E. D. Pa. 2008).

other cases by this creditor to which debtors have objected and which this creditor has failed to

defend. He has asked the court to infer that the failure to defend these claim objections is

evidence of abusive or fraudulent conduct rather than the result of an economic decision not to

defend a $365.06 claim. The court is unwilling to draw such an inference based on the proof of

claim before it. As to a broader concern generally, criminal penalties and sanctions available

under the Federal Rules of Bankruptcy Procedure are available for to deter creditors from filing

overstated or fraudulent claims. *In re Shank*, 315 B.R. 799, 815 (Bankr. N.D.Ga. 2004). For

examply, a court of appeals has recently affirmed an award for damages and sanctions for a case

of abuse of process related to ignoring the claims objection process and pursuing a discharged

debt brought through an adversary proceeding. *Hann v. Educational Credit Mgmt. Corp. (In re*

*Hann),* 711 F.3d 235, 243 (1st Cir. 2013). Those remedies are available to address the first

concern raised by the Debtors. Even if those deterrents are not enough, the Sixth Circuit has been

clear that disallowance is not a remedy for an objection based on lack of documentation. *B-Line,*

*LLC v. Wingerter (In re Wingerter*), 594 F.3d 931 (6th Cir. 2010).

       As to the issue of the burden of the costs associated with these objections, the

burden of objecting to claims is imposed by statute on a party in interest. 11 U.S.C. § 502(b).

That party is generally the party that does not want the claim paid. The process admittedly favors

creditors in an exclusive view jurisdiction.

> …[The Bankruptcy Rules] envision much simpler, expedited proceedings
> without all the trappings of normal civil litigation. They do not envision the
> determination of claims based on procedural technicalities such as whether a
> proof of claim includes adequate documentation or whether a creditor on 30 days
> notice may be 'put to its proof' in the absence of any indication that there is , in
> fact, a bona fide controversy over the amount of the debt.

*Shank*, 315 B.R. at 814.The creditor may neglect to supply the information required by Rule

3001(c). lose the prima facie presumption, and still have a claim unless the debtor goes on record

to contradict the specific allegations in the proof of claim. Nevertheless, in light of the

Bankruptcy Code's limited bases for disallowance, its allocation of the burden to bring the

objection, and the process implemented by the Bankruptcy Rules to do so, the court does not find

any basis to impose a requirement on a creditor for the purpose of reducing the number of claims

which that creditor files.

This court's interpretation of the "exclusive view" should not be read to excuse a

creditor from ever having to file the documents that support its claim or to create an

insurmountable obstacle to debtors and trustees who object to assigned claims. If the creditor

fails to respond after the factual dispute is raised, then the creditor's lack of proof could become

a basis for disallowance. The *Heath* Panel discussed when failure to respond to a request for

information or documentation might develop into a basis for disallowance.

That said, we agree with courts in the majority that creditors have an
obligation to respond to formal or informal requests for information. That request
could even come in the form of a claims objection, if it is sufficiently specific
about the information required.[] This obligation to respond applies regardless
whether Creditors have met their obligation to provide a summary under Rule
3001(c). *See Cluff,* 313 B.R. at 335–36 ("using a summary also requires the
creditor to make the underlying documents available for examination at a
reasonable place and time, and such creditors should not underestimate the
Court's willingness to compel them to do so," interpreting Form 10 and Fed. R.
Bankr.P. 3001 consistent with Fed.R.Evid. 1006); *Shank,* 315 B.R. at 816 (noting
creditors' obligation to respond to "appropriate request, formal or informal").

If the creditor does not provide information or is unable to support its
claim, then that in itself may raise an evidentiary basis to object to the
unsupported aspects of the claim, or even a basis for evidentiary sanctions,
thereby coming within Section 502(b)'s grounds to disallow the claim. *Shank,* 315
B.R. at 816. (creditor who fails to provide supporting documentation "may well
find itself with a disallowed claim"); Fed.R.Civ.P. 37(a)(4) and (b)(2)(A) and (C)
(incorporated by Fed. R. Bankr.P. 7037 and 9014(c)). We would be faced with a
very different case if, for example, Debtors' objections stated that they had written
to a Creditor explaining that they questioned specific charges, or that during the
slide into bankruptcy they had not reviewed or retained their monthly statements,
and therefore they wanted the past twelve months' credit card statements to verify

the Creditor's calculation of principal, interest, and other charges. As one decision
explains:

> If the debtor thinks that every one of the challenged claims is
> overstated, that every claimant has included illegal or unauthorized
> charges, or that for any reason she has no liability to any of them,
> she may investigate fully her theories and raise every viable claim
> or defense that she has. If the debtor requires documentation to
> make a good faith inquiry into the existence or amount of any
> liability and a claimant refuses a legitimate request to produce it,
> an objection that asserts her good faith challenge and requests
> disallowance of the claim due to inadequate documentation would
> be appropriate and could well result in entry of an order
> disallowing the claim or requiring its amendment....
>
> But if the debtor thinks, for example, in accordance with her
> sworn statement in Schedule D in this case, that she owes First
> North American National Bank only $1,776.00 on the proof of
> claim filed by its assignee for $12,992.72, the proper objection is
> that the claimant has not established anything in excess of the
> amount the debtor admits is owed, not a request for complete
> disallowance of the claim merely because of inadequate
> documentation.

*Shank,* 315 B.R. at 815.

*In re Heath*, 331 B.R. at 436-37 (B.A.P. 9th Cir. 2005)(footnote omitted).

Applying that reasoning to this case, if the Debtors had disputed the debt or the

identity of the party to whom that particular debt was owed, then the court could have

determined that the Debtors' contentions were true in light of the Claimant's failure to respond.

Under those circumstances, the court could have appropriately granted the relief the Debtors

requested under Rule 7055 and E.D.Tenn. LBR 9013-1(f)(4).

**V. Conclusion**

Because the court finds that the only basis for disallowance raised by the Debtors

was the lack of documentation evidencing the Claimant's standing, the court does not have a

valid basis for disallowance of the proof of claim under 11 U.S.C. § 502(b). The court will

overrule the Debtors' objection based on failure to attach documentation showing that the

24

Claimant is the holder of the claim.  Because the Debtors requested an opportunity to renew their

withdrawn objections in the event the court overruled their objection based on lack of

documentation and because the Debtors did raise the statute of limitations as a defense and

amended Schedule F to reflect a dispute with respect to the underlying debt, the court will grant

that request.  The Debtors shall have fourteen days to amend or renew their objections.  Failure

to amend the objection will result in the court overruling the objection without prejudice.

A separate order will enter.

# # #